

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-23-00110-CV

Curtis Tyrone **WILLIAMS**,
Appellant

v.

Larmetrice **NUNNALLY-WILLIAMS**,
Appellee

From the 37th Judicial District Court, Bexar County, Texas
Trial Court No. 2022-CI-09154
Honorable Elma T. Salinas-Ender, Judge Presiding

Opinion by:    Irene Rios, Justice

Sitting:    Irene Rios, Justice
Lori I. Valenzuela, Justice
Velia J. Meza, Justice

Delivered and Filed: March 19, 2025

AFFIRMED

Appellant Curtis Tyrone Williams ("Curtis") appeals the trial court's post-divorce qualified domestic relations order ("QDRO") awarding his former spouse, appellee Larmetrice Nunnally-Williams ("Larmetrice"), one-half of his military retirement that was earned until the date of divorce. On appeal, Curtis argues the trial court erroneously awarded Larmetrice a portion of the retirement benefits that were his separate property because it was earned prior to the marriage. On this record, we affirm.

## BACKGROUND

According to Curtis, he served in the military prior to his marriage to Larmetrice and continued to serve after they were divorced. Although the record does not contain the final divorce decree, the record reflects Curtis provided it to the trial court without objection. The trial court's findings of fact and conclusions of law reflect that the parties were divorced on March 27, 2017.[1] The parties entered into an Agreed Final Decree of Divorce (the "Divorce Decree") that was signed by the parties and their attorneys. The Divorce Decree was signed by the trial court on June 21, 2017. According to the trial court's findings of fact and conclusions of law, the Divorce Decree contained the following two paragraphs regarding the division of Curtis's military retirement benefits:

> W-4. Larmetrice Nunnally-Williams receive a Judgment against and recovers from Curtis T. Williams fifty percent (50%) of Curtis T. William[s's] net retired pay arising out of Curtis T. Williams'[s] employment with the United States Army, together with any cost of living adjustments applicable thereto payable if, as and when, received by Curtis T. Williams, and more particularly defined in the Domestic Relations Order as of March 27, 2017. IT IS ORDERED that such payment begins on the date of Curtis T. Williams to Larmetrice Nunnally[-]Williams on the first of the month thereafter until it is paid directly to Larmetrice Nunnally Williams of DFAS or other entity.

> W-5. Larmetrice Nunnally-Williams is awarded a portion of Curtis T. Williams's sums, whether matured or unmatured, accrued [or] unaccrued, vested or otherwise, together with all increases thereof, the proceeds therefrom, and any other rights related to any profit-sharing plan, thrift-saving plan, retirement plan Keogh plan, pension plan, employee stock option plan, 401(k) plan, employee saving plan, accrued unpaid bonuses, disability plan, or other benefits exi[s]ting by reason of Curtis T. Williams's employment [with the] United States Army. As of March 19, 2017 that portion being Eight [T]housand Four Hundred Seventy dollars and Fifty-Seven cents ($8,470.57) of the related benefits earned during the marriage.

---

[1] Because the record does not contain the Divorce Decree, we rely on the trial court's findings of fact and conclusions of law for information in and pertaining to the Divorce Decree.

Although the Divorce Decree refers to a domestic relations order in paragraph W-4, there was no domestic relations order signed by the trial court in the divorce proceeding.

On May 17, 2022, Larmetrice filed an original petition in the underlying suit seeking to enter a post-divorce QDRO based on the division of Curtis's military retirement in the Divorce Decree. At trial, Curtis provided the trial court with the docket notes from the judge who presided over the divorce proceedings and signed the Divorce Decree.[2] The judge's docket notes from the divorce proceeding contain the following notation: "CP ÷ of retirement + TSP[.]" The docket notes also state there was an "[a]greement on the record" on March 27, 2017. Curtis argued "CP" means community property and that the judge's docket notes indicate the judge intended to divide the portion of his military retirement that was earned or accrued during the marriage. Curtis argued some of his military retirement—which was earned or accrued before and after the marriage—was his separate property. Curtis contended the Divorce Decree mistakenly included the separate property portion of his military retirement in the division with Larmetrice because it conflicted with the trial judge's notes indicating only the community property portion of his military retirement would be divided.

The trial court in the underlying proceeding noted the agreed Divorce Decree stated Larmetrice was entitled to half of the military retirement accrued or earned until March 27, 2017, and that included any portion that was allegedly earned or accrued before the marriage. On November 14, 2022, the trial court signed a QDRO stating Larmetrice was entitled to receive 39.79%[3] of Curtis's military retirement payment. Curtis appeals.

---

[2] The trial court attached the docket notes to its findings of fact and conclusions of law in this proceeding.

[3] The record does not reflect how the trial court calculated this percentage. In her brief, Larmetrice provides a footnote stating: "39.79% is calculated by dividing 191 months (the number of months that Appellant had served on active duty as of the date the divorce was granted) by 240 months (the . . . total number of months that Appellant served on active duty) and multiplying by 50%." As more fully explained in the analysis, Curtis did not bring forth a sufficient

### STANDARD OF REVIEW

A qualified domestic relations order "is a species of post-divorce enforcement or clarification order." *Gainous v. Gainous*, 219 S.W.3d 97, 107 (Tex. App.—Houston [1st Dist.] 2006, pet. denied). "We review the trial court's ruling on a motion for enforcement or clarification of a divorce decree under an abuse of discretion standard." *Shakouri v. Shakouri*, No. 02-20-00297-CV, 2022 WL 189084, at *5 (Tex. App.—Fort Worth Jan. 20, 2022, pet. denied) (mem. op.). The trial court abuses its discretion when it acts unreasonably, arbitrarily, or without reference to any guiding rules or principles. *Id.*

### DISCUSSION

On appeal, Curtis reasserts the same arguments he presented to the trial court. He argues the agreed Divorce Decree erroneously awards Larmetrice a portion of his military retirement that was earned or accrued before they were married. Although Curtis contends in this appeal that the trial court incorrectly calculated the division of his military retirement in its QDRO, his complaint is really that the Divorce Decree itself contains a mistake.

At the outset, we note the record does not contain the Divorce Decree nor does it contain a transcript of the agreement that was read into the record on March 27, 2017. Further, the record does not contain specific evidence of when the parties were married and when Curtis began his military service prior to the marriage.[4]

---

record to show the trial court abused its discretion. Absent such a record, we must presume there was adequate evidence before the trial court to support its decision. *See Marquez v. Marquez*, No. 04-03-00538-CV, 2004 WL 1054843, at *1 (Tex. App.—San Antonio May 12, 2004, no pet.) (mem. op.).

[4] Curtis was called by his counsel to testify at trial and sought to present testimony on the dates the parties were married and the dates that he served in the military; however, Larmetrice objected to the testimony because Curtis did not provide disclosures before trial. *See* TEX. R. CIV. P. 194.1, 194.2, 194.4. The trial court sustained the objection and excluded Curtis's testimony. Although Curtis made an offer of proof of his testimony, he has not challenged the trial court's evidentiary ruling on appeal. Thus, the trial court's evidentiary ruling will not be disturbed on appeal, and we cannot consider Curtis's testimony as evidence. We note, however, that during argument Curtis's counsel told the trial court that Curtis served in the military ten years prior to the marriage. Curtis contradicted this statement when

A party complaining the trial court abused its discretion "has the burden to bring forth a record showing such abuse." *MSW Corpus Christi Landfill, Ltd. v. Gulley-Hurst, L.L.C.*, 664 S.W.3d 102, 109 (Tex. 2023); *see also Marquez v. Marquez*, No. 04-03-00538-CV, 2004 WL 1054843, at *1 (Tex. App.—San Antonio May 12, 2004, no pet.) (mem. op.). "Absent such a record, the reviewing court must presume that the evidence before the trial [court] was adequate to support the decision." *MSW Corpus Christi Landfill, Ltd.*, 664 S.W.3d at 109.

Here, Curtis failed to bring forth a record showing the trial court abused its discretion when it rendered the QDRO. Based on the record before us, we are unable to ascertain the parties' agreement that was read into the record during the divorce proceeding or determine the basis for the trial court's characterization and division of the military retirement benefits in the Divorce Decree. Curtis argues the trial court incorrectly characterized separate property as community property in violation of section 3.001 of the Texas Family Code. *See* TEX. FAM. CODE ANN. § 3.001 (providing a spouse's separate property consists of property owned or claimed by the spouse before marriage). However, there is a presumption that property possessed by either spouse during or on dissolution of marriage is community property, and it was Curtis's burden at the divorce proceeding to establish that the property is separate property by clear and convincing evidence. *See id.* § 3.003. Further, Curtis does not dispute he and Larmetrice entered into the Divorce Decree pursuant to an agreement incident to the divorce. Notwithstanding the general rules regarding property division, spouses may enter into a written agreement concerning the division of property, and the trial court may set forth this agreement in the final decree if it

---

he testified in his offer of proof that he served in the military four years prior to the marriage. Neither counsel's argument nor Curtis's offer of proof constitute evidence in the case.

determines the agreement was just and right.[5] *See id.* § 7.006(a), (b). Simply stated, the trial court presiding over the divorce proceeding could have presumed the entitlement to military retirement was community property until the date of divorce, or the parties could have agreed to characterize the alleged separate property as community property. Thus, we cannot conclude whether the agreed Divorce Decree accurately portrays the parties' agreement or contained a mistake in the division of the military retirement. And, because there was no evidence regarding the date Curtis began his military service or the date the parties were married, the trial court had no basis to conclude the Divorce Decree mischaracterized the alleged separate property portion of Curtis's retirement as community property.

Moreover, even if the trial court agreed the Divorce Decree contains a mistake in the division of property, it cannot change the division of property after plenary power expired. "After a trial court issues a divorce decree, it retains continuing subject-matter jurisdiction to enforce the property division contained with[in] the decree." *Schlecht v. Schlecht*, No. 04-13-00183-CV, 2014 WL 1319330, at *2 (Tex. App.—San Antonio Apr. 2, 2014, pet. denied) (mem. op.) (citing TEX. FAM. CODE ANN. § 9.002). "After the expiration of its plenary power, however, the court may not alter, amend, or modify the substantive division of property in the decree." *Schlecht*, 2014 WL 1319330, at *2 (citing TEX. FAM. CODE ANN. § 9.007). "As with any post-divorce enforcement or clarification order, a QDRO may not amend, modify, alter, or change the division of property made or approved in the decree of divorce or annulment." *Schlecht*, 2014 WL 1319330, at *2 (alteration omitted) (quoting *Gainous*, 219 S.W.3d at 107).

---

[5] In its findings of fact and conclusions of law, the trial court in this case found: "The Agreed Final Decree of Divorce is replete with entire paragraphs being struck out and with several changes to language in the decree being penned in and initialed by the parties." The trial court could have reasonably concluded the markups in the Divorce Decree indicate the division of the military retirement, like other provisions of the Divorce Decree, was negotiated and agreed to by the parties.

The trial court interpreted paragraph W-4 of the Divorce Decree—which was incorporated in the trial court's findings of fact and conclusions of law—as awarding Larmetrice "50% of the value of [Curtis's] disposable military retired pay[,]" with applicable cost of living adjustments, earned or accrued until the date of divorce: March 27, 2017.  In its oral pronouncement, the trial court expressly stated it interpreted the judge's docket notes from the divorce proceeding—which contained the note, "CP ÷ of retirement"—as awarding Larmetrice one-half of the military retirement for Curtis's time served in the military until March 27, 2017.  The trial court's interpretation gives effect to the "CP"[6] notation as excluding military retirement that is based on Curtis's military service after the date of divorce.  Based on this record, we cannot conclude the trial court's interpretation of paragraph W-4 of the Divorce Decree was arbitrary, unreasonable, or without reference to any guiding rules or principles.  As such, it was not an abuse of discretion to render a QDRO based on the trial court's reasonable interpretation of the Divorce Decree.

Accordingly, we overrule Curtis's sole issue.

## CONCLUSION

We affirm the trial court's Domestic Relations Order.

Irene Rios, Justice

---

[6] It appears from the record the trial court agreed with Curtis that "CP" means community property.